UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: BOSTON SCIENTIFIC CORP.**
**PELVIC REPAIR SYSTEM PRODUCTS**
**LIABILITY LITIGATION**

Barbara Sue Williams v. Baptist Health, et al.,        )
      E.D. Arkansas, C.A. No. 4:12-00683        )         MDL No. 2326

**TRANSFER ORDER**

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring this action (*Williams*) to MDL No. 2326. Responding defendant Boston Scientific Corp. (Boston Scientific) opposes the motion.

After considering all argument of counsel, we find that *Williams* shares questions of fact with actions in this litigation previously transferred to the Southern District of West Virginia, and that transfer of this action to MDL No. 2326 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiff does not dispute that this action shares questions of fact with MDL No. 2326. Like many of the already-centralized actions, *Williams* involves factual questions arising from allegations that pelvic surgical mesh products manufactured by Boston Scientific were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by these devices. *See In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motion to vacate, plaintiff argues that this action was improperly removed and plaintiff's motion to remand to state court is pending. The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1]     Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil                W. Royal Furgeson, Jr.
Paul J. Barbadoro                Marjorie O. Rendell
Charles R. Breyer                Lewis A. Kaplan



A TRUE COPY CERTIFIED ON

FEB - 7 2013

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By _____ Deputy